UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOLE TUSSING, ANGELA LABOY,
CAROL WARD, JOANN SADLER, and
BRADLEY SIEFER, individually and on
behalf of others similarly situated,

    Plaintiffs,

v.                                    CASE NO: 8:09-cv-1833-T-26AEP

QUALITY RESOURCES, INC., and
CHERYL MERCURIS,

    Defendants.
_____/

## **O R D E R**

Before the Court is Plaintiffs' Motion to Certify Class to Create a Conditional Opt-In Class and Motion to Authorize Notice to Putative Class Members with attachments (Dkt. 22), and Defendants' Memorandum in Opposition with attachments. (Dkt. 31). After careful consideration of the arguments of counsel, the affidavits, and the file, the Court concludes that the motions should be denied.

Plaintiffs bring this action under the Fair Labor Standards Act of 1938, 29 U.S.C. §201, *et seq*. (the FLSA), against their employer, Defendant Quality Resources, Inc. (Quality Resources) and its founder, Defendant Cheryl Mercuris, for overtime compensation. After removal to this Court, Plaintiffs amended their complaint on

October 23, 2009, and added more claims. (Dkt. 1 & 20). On that same day, Plaintiff filed this motion to create a conditional opt-in class pursuant to 29 U.S.C. § 216(b). Plaintiffs filed six affidavits in support of creating an opt-in class, four affiants of which are the named Plaintiffs.[1] To date, eight individuals have filed consents to join in this collective action. (Dkts. 5-10, 16 & 17).

## FACTUAL BACKGROUND

Quality Resources is a "sales and distribution channel" for clients who are in the business of selling subscription-based products directly to customers. (Dkt. 22, Ex. C). Quality Resources boasts a "high volume of customer acquisition" by its "greater than 200 licensed agents." (Dkt. 22, Ex. C). The Plaintiffs, ostensibly the "licensed agents," are employed as Sales Representatives, Verification Representatives, Flippers, and Customer Service Representatives. Plaintiffs assert that all of these job titles are held by similarly situated individuals. Based on this premise, the Plaintiffs seek to certify as a collective action all employees who were call center representatives, or employees who possessed the job duties of a call center representative, for the Defendant within the last three years. The class as defined in the proposed notice reads as follows:

> Present and Former Employees of Quality Resources, Inc. (Defendant) who worked as a call center representative, such as Sales Representative, Verification Representative, Flipper, and/or Customer Service Representative, or a similar position with a different job title within the last three (3) years.

---

[1] The two additional affiants are Ana Wooten and JoAnn Capobianco, who have also consented to join in this action. (Dkt. 22, Exs. H & I).

According to Plaintiffs' affidavits, Quality Resources employs at least 300, not 200, call center representatives who cover various daytime and evening shifts. Plaintiffs' six affiants aver that Quality Resources has an extremely high turnover rate. The affidavits establish that the employees were required (1) to report to work before they began actually getting paid, for example, reporting to work at 8:30 but not being paid until 8:45,[2] (2) to stay beyond the end of their shifts without pay, and (3) to work every other Saturday. All essentially paint a picture of job requirements too numerous to accomplish in any given forty-hour workweek. Overtime pay, calculated at time-and-a-half, would not begin until the employees had worked 42.5 hours, rather than 40 hours. While the employees' regular compensation also included some non-discretionary bonuses for reaching certain sales quotas, which bonuses were factored into their regular hourly rate, the bonuses were not used in any overtime hour calculations. A call center representative, according to Plaintiffs' conclusory statement, holds a non-exempt status under the FLSA.

Plaintiff desires to certify an opt-in collective class based on the obvious benefits of the court's facilitated notice, as well as the aspects of judicial economy in streamlining the proceeding on common issues of law and fact. To that end, Plaintiffs assert that the

---

[2] According to Plaintiffs' affiants, Quality Resources did not use a time clock for employees, but instead, managers were responsible for keeping track of employee work time.

all of the job titles listed in the proposed notice are similarly situated. Defendant takes the opposite view----that the job titles and corresponding job duties are not similar.

Defendants contend first that Plaintiffs' affidavits are "cookie cutter" and not substantial or detailed. Second, Defendant argues that because Plaintiffs have included both non-exempt and exempt employees, the statutory exemption cannot be determined on a class-wide basis. Specifically, Defendant claims that the statutory exemption does not turn on the job duties performed but on the amount of each employee's earnings and the ratio of his or her commissions to that particular employee's compensation. Each potential class member's total compensation varied based on the varied commissions received, which in turn depended on the individual's job position, shift, and room assignment. Defendant filed a counteraffidavit of the Director of Human Resources of Quality Resources. The affidavit sets out a very detailed structure of the job requirements for the various job titles and the complicated pay provisions for each of the positions and the contingencies that affect the differing wages.

## ANALYSIS

The Eleventh Circuit has held in collective actions under the FLSA that plaintiffs must make substantial, class-wide allegations and provide evidentiary support through detailed allegations, affidavits, or depositions. See Grayson v. K Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996). The determinative issue is often, as is the case here, whether the group of employees are similarly situated, sufficient to create the opt-in class. The positions do not have to be identical, just similar. Id. at 1096. Thus, "similarly" has been

defined not by what it means but what it does not mean.  See Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1259-60 (11th Cir. 2008).  The Eleventh Circuit has reiterated in Morgan, that before this Court approve notice to a collective class, it should "satisfy itself that there are other employees . . .who desire to 'opt-in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions." 551 F.3d at 1261 (quoting Dyback v. State of Florida Dep't of Corr., 942 F.2d 1562, 1567 (11th Cir. 1991)).

The proper legal standards for determining whether a group of employees should be certified as a collective group starts with a finding of fact based on a suggested two-step analysis.  Morgan, 551 F.3d at 1260-61.  At the beginning stage, as here, the standard is "not particularly stringent," but "more than 'only counsel's unsupported assertions that FLSA violations [are] widespread and that additional plaintiffs would come from other stores.'"  Id.   The first step is called "conditional certification" and the second stage only comes into play after the employer moves for decertification.  Id. at 1261.  Having set forth the two stages, the Court now will analyze whether, on this record, the Plaintiffs have set forth a reasonable basis upon which to certify a collective action.

First, the Court finds that Plaintiffs' six affidavits are not substantial and detailed enough to satisfy this Court that a reasonable basis exists for conditional certification.[3]

---

[3] Courts have denied certification based on the insufficiency of the affidavits.  See Rappaport v. Embarq Mgmt. Co., No. 6:07-cv-468-Orl-19DAB, 2007 WL 4482581 (M.D. Fla. Dec. 18, 2007) (listing many cases across the Middle and Southern District Courts that have denied conditional certification based on conclusory allegations); see

Plaintiffs' affidavits are largely the same affidavit signed by six different employees, with few minor differences and the hope that all jobs will be considered fungible. All job positions— the Sales Representative, the Verification Representative, the Flipper, Quality Control, and the Customer Service Representative— are merged into one job description— a call center representative. This definition leads to the incredible conclusion that all of the 200 or 300 or more employees of Quality Resources hold the exact same job. Based on these six affidavits, it would appear that virtually every employee held the same job in the company and would therefore qualify as an opt-in Plaintiff. A reading of the opposing affidavit renders this conclusion implausible. The Court therefore is not satisfied that the Plaintiffs have provided sufficient evidence through the six affidavits that a conditional class is warranted, particularly in view of the opposing affidavit of Quality Resources.

In addition to the woefully insufficient affidavits, the Court further finds that the mixing of both exempt and non-exempt employees in a class does not lend itself to proceeding by way of a conditional class because it is overbroad. See Butler-Jones v. Sterling Casino Lines, L.P., No. 6:08-cv-1186-Orl-35DAB, 2008 WL 5274384, *7 (M.D. Fla. Dec. 18, 2008). In companies where individuals holding a particular job title are classified as exempt employees and others, non-exempt, and "still others fluctuate

---

also Gomez v. United Forming, Inc., No. 6:09-cv-576-Orl-31GJK, 2009 WL 3367165 (M.D. Fla. Oct. 15, 2009); Cartner v. Hewitt Assoc., LLC, No. 6:09-cv-1293-Orl-31DAB, 2009 WL 3245482 (M.D. Fla. Oct. 7, 2009); Biondolillo v. Daytona Beach Kennel Club, Inc., No. 6:08-cv-1964-Orl-22KRS (M.D. Fla. Aug. 18, 2009).

quarterly depending on their specific duties," the desirability of using conditional certification has not been established. Tyler v. Payless Shoe Source, Inc., No. 2:05-cv-33F(WO), 2005 WL 3133763, *5-6 (M.D. Ala. Nov. 23, 2005). Not only are non-exempt and exempt employees proposed members of the class, but, according to the counteraffidavit, the pay provisions for hourly and commissioned rates vary greatly dependent not only upon types of sales and job title, but also upon the particular shift worked. This factor calls into question whether the employer has met the requirements applicable to the exemption of section 7(i), which pertains to certain retail or service establishment employees who are paid on a commission basis. In any event, because both exempt and non-exempt employees may be members of the proposed conditional class as defined, the Court must deny certification of the class.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Plaintiffs' Motion to Certify Class to Create a Conditional Opt-In Class and Motion to Authorize Notice to Putative Class Members (Dkt. 22) are **DENIED** without prejudice.

**DONE AND ORDERED** at Tampa, Florida, on November 25, 2009.

    s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record