UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NICOLE TUSSING, ANGELINA LABOY,
CAROL WARD, JOANN SADLER and
BRADLEY SIEFER,

    Plaintiffs,

v.                                                                         CASE NO: 8:09-cv-1833-T-26AEP

QUALITY RESOURCES, INC., and
CHERYL MERCURIS,

    Defendants.
_____/

**O R D E R**

    Pending before the Court is Plaintiffs' Motion for Attorneys (sic) Fees and Costs. After careful consideration of the motion and the procedural history of this case, the Court concludes that the motion is due to be denied because the Court lacks jurisdiction to entertain the motion. In light of this conclusion, the Court needs no response from Defendants.

    On November 24, 2010, the Court entered a sixty-day order at docket 46 pursuant to Local Rule 3.08(b) based on Plaintiffs' counsel's representation that this case had been settled. Under the clear and unambiguous terms of the order, the case was "**DISMISSED** without prejudice and subject to the right of the parties, within <u>sixty (60) days</u> of the date of this order, to submit a stipulated form of final order or judgment should they so choose **or** for any party to move to reopen the action, *upon good cause shown*." The Court further provided in the order in no uncertain terms that "[a]fter that 60-day period, however, dismissal shall be with prejudice." More than sixty days has elapsed since the entry of the sixty-day order and the parties have neither submitted a stipulated form of final order or judgment nor moved to reopen the case for good cause. Consequently, this case stands dismissed with prejudice.

In their motion, Plaintiffs' counsel represents that Defendants made an offer of judgment which each Plaintiff accepted in a timely manner and that although Defendants agreed to allow judgment to be taken for costs and attorneys' fees, the amount of the fees and costs were to be determined by this Court. Unfortunately for Plaintiffs, neither party filed the offers of judgment and notices of acceptance as required by Rule 68(a) of the Federal Rules of Civil Procedure, thereby preventing the Clerk from entering judgment as mandated by the rule.

In light of these circumstances, and because the Court's 60-day order neither incorporates the parties' settlement agreement as embodied in their offers of judgment and notices of acceptance nor explicitly reserved or retained jurisdiction to enforce the terms of that agreement, the Court lacks jurisdiction to act on Plaintiffs' motion for fees and costs. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 381-82, 114 S.Ct. 1673, 1678, 128 L.Ed.2d 391 (1994); see also Smalbein v. City of Daytona Beach, 353 F.3d 901, 905 (11th Cir. 2003) (stating that the Eleventh Circuit, relying on Kokkonen, had previously held that a district court may award attorney's fees to the prevailing party but only if the court has incorporated the parties' settlement agreement into the final order of dismissal or explicitly retained jurisdiction to enforce the terms of that agreement) (citing American Disability Ass'n v. Chmielarz, 289 F.3d 1315, 1320 (11th Cir. 2002); accord Gill v. McCollum, 361 Fed.Appx. 69, 70 (11th Cir. 2010) (unpublished).

Accordingly, Plaintiffs' Motion for Attorneys' Fees and Costs (Dkt. 47) is denied.

**DONE AND ORDERED** at Tampa, Florida, on January 25, 2011.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record